**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**NECDET AKTAS and LISA FILOMIA-AKTAS,**

                                  **Plaintiffs,**          **1:09-CV-01436**

     **vs.**                                                       **(MAD)**

**JMC DEVELOPMENT CO., INC.,**
**STEPHEN M. JUNG D/B/A JUNG**
**ARCHITECTURE, JAMES P. LYNCH, P.E., PLLC,**

                                    **Defendants.**

_____

**JMC DEVELOPMENT CO., INC.,**

                    **Defendant/Third-Party Plaintiff,**

     **vs.**

**MICHAEL TERRY**

                    **Third-Party Defendant.**

_____

**APPEARANCES:**                      **OF COUNSEL:**

COOPER, ERVING & SAVAGE LLP       Phillip G. Steck, Esq.
39 North Pearl Street
Albany, New York 12207
*Attorneys for Plaintiffs*

LaFAVE, WEIN & FRAMENT, PLLC     Jason A. Frament, Esq.
2400 Western Avenue
Guilderland, New York 12084-1534
*Attorneys for Defendant/Third-Party Plaintiff*
*JMC Development Co., Inc. and Defendant*
*Joseph M. Cantanucci, Jr.*

Stephen M. Jung d/b/a Jung Architecture
P.O. Box 154
Schroon Lake, New York 12870
*Defendant Pro Se*

MILBER MAKTRIS PLOUSADIS &

SEIDEN, LLP                                          Richard A. Lilling, Esq.
2809 Wehrle Drive, Suite 14
Williamsville, New York 14221
*Attorneys for Defendant*
*James P. Lynch, P.E.*

HARRIS, CONWAY & DONOVAN, PLLC       Michael C. Conway, Esq.
The Patroon Building
Five Clinton Square
Albany, New York 12207
*Attorneys for Third-Party Defendant*
*Michael Terry*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

The trial of this action is scheduled to commence on January 7, 2013.  Presently before the

Court are the parties' motions *in limine*.

## DISCUSSION

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on

the admissibility and relevance of certain forecasted evidence.  *See Luce v. U.S.*, 469 U.S. 38, 40

n. 2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) ("[t]he purpose of an *in*

*limine* motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the

relevance of certain forecasted evidence, as to issues that are definitely set for trial, without

lengthy argument at, or interruption of, the trial'".)  "A motion *in limine* to preclude evidence asks

the court to make a preliminary determination on the admissibility of the evidence under Rule 104

of the Federal Rules of Evidence."  *Blazina v. Port Auth. of New York and New Jersey*, 2008 WL

4539484, at *1 (S.D.N.Y. 2008).  As the disputes regarding the admissibility of evidence are

made outside the context of the trial, the Court's rulings on the motions *in limine* are, "subject to

change when the case unfolds, particularly if the actual testimony differs from what was

expected".  *Levitant v. City of New York Human Res. Admin.*, 2011 WL 795050, at \*1 (E.D.N.Y. 2011) (quoting *Luce*, 469 U.S. at 41 ("[o]wing to its preliminary nature, an *in limine* ruling, 'is subject to change when the case unfolds'".)

The Court addresses the parties' multiple requests for relief seriatim.

## I.      JMC's Motions *in Limine*

Defendant makes several requests for rulings on evidentiary issues prior to trial.  In response, plaintiff Lisa Aktas, filed an Affidavit which she asserts is, "in opposition to Defendant JMC's motion *in limine*".  Any legal conclusions or arguments set forth in the affidavit will not be considered by the Court.   *U.S. v. Alessi*, 599 F.2d 513, 515 (2d Cir. 1979) ("to the extent that any of the affidavits contain legal argument or conclusion, [. . . ] those impermissible sections [are] not considered by [ ] on this motion").

## A.      Motion to Preclude Plaintiffs From Introducing Documents From Richard Mullady and/or Recony Construction

Defendant seeks to preclude plaintiffs from introducing any files, contracts, correspondence or any other documents from Recony and/or Richard Mullady based upon the fact that plaintiff and Mullady were unable to produce any such documents during discovery. Plaintiffs claim that they never executed any contract with Recony and do not intend to produce any evidence of such a contract.  Instead, plaintiffs intend to rely upon the spreadsheet claiming that it governed the work performed at plaintiffs' home.  Defendant seeks to preclude plaintiff from introducing Mullady's spreadsheet arguing that the contract is the best evidence of work performed.  Moreover, defendant claims that the spreadsheet is unsubstantiated and irrelevant.

Federal Rules of Civil Procedure 26(a) and 26(e) place an initial and ongoing burden on all parties to disclose the identities of individuals and copies or descriptions of documents that they may use to support their claims or defenses.  Rule 37(c)(1) prevents a party who fails to

disclose that information without substantial justification from using that evidence at trial, unless the failure to disclose is harmless.  *See EMI Music Marketing v. Avatar Records, Inc*., 334 F.Supp.2d 442, 445 (S.D.N.Y. 2004).  Therefore, plaintiffs are precluded from introducing any documentation regarding the work performed by Recony and/or Mullady, that was not previously disclosed during discovery.  With respect to the spreadsheet, defendant objects that it is not the "best evidence" because Mullady clearly testified that a contract existed and that it was located at his ex-girlfriend's home.  There is no evidence that defendant made any attempt, after Mullady's deposition, to subpoena any documents from Mullady or Recony.  Instead, defendant relies upon the argument that plaintiffs failed to obtain the documents through judicial process.

To the extent that there is a factual dispute regarding whether a contract exists, at this juncture, the Court is hindered in any effort to rule on evidentiary questions outside a factual context.  *See Luce*, 469 U.S. at 4.  "The Court is unwilling to speculate, pretrial, as to what statements any witness will or will not make during trial." *Picciano v. McLoughlin*, 2010 WL 4366999, at \*5 (N.D.N.Y. 2010).  Therefore, on a motion *in limine*, the prudent course of action is to deny the motion, leaving to the parties to object when the other party attempts to introduce some specific evidence on this subject at the trial. *See Corley v. Louisiana ex rel. Div. of Admin.*, 2011 WL 4916455, at \*3 (M.D. La. 2011).  Defendant's request to exclude the spreadsheet, at this time, is denied.

**B.      Motion to Preclude Plaintiffs' "Revised Itemization of Damages" Spreadsheet**

Defendant seeks to preclude plaintiffs' "Revised Itemization of Damages".  Plaintiffs intend to introduce the spreadsheet as "demonstrative evidence" and as an accounting of how plaintiff's calculate damages.

Rule 1006 allows admission of summaries when "(1) the evidence previously admitted is voluminous, and (2) review by the jury would be inconvenient." *U.S. ex rel. Feldman v. van Gorp,* 2010 WL 2911606, at \*6 (S.D.N.Y. 2010) *(*citing *U.S. v. Whitfield*, 590 F.3d 325, 364 (5th Cir. 2009)).  A summary must "be based on foundation testimony connecting it with the underlying evidence summarized, and must be based upon and fairly represent competent evidence already before the jury." *Fagiola v. Nat'l Gypsum Co. AC & S., Inc.*, 906 F.2d 53, 57 (2d Cir. 1990) (internal citations omitted).

On the current record, the granting or denying defendant's motion to exclude plaintiffs' proposed exhibit would be premature.  Whether the exhibit summarizes records too voluminous to be presented or summarizes testimony and other evidence that will be presented to the jury remains to be determined at trial.  Accordingly, the Court reserves judgment until trial so that the motion is placed in the appropriate factual context.   Defendant's motion on this basis is DENIED with leave to renew at trial.

## C.      Motion to Preclude Recovery for Damages

Defendant seeks an order from this Court precluding plaintiffs from recovering the costs paid to Villar and attorneys' fees.   Plaintiffs indicate that they do not seek to recover payments to George Villar or Attorneys' Fees.  *See* L. Aktas Aff. at ¶ 18.  Thus, this portion of defendant's motion is denied as moot.

Defendant also seeks an order from this Court precluding plaintiffs from recovering costs for their experts and for an architect whom defendant claims, "had absolutely nothing to do with any purported remediation".  Defendant argues that, "[t]here is simply no basis in law for plaintiffs to recover th[ese] items of damages".  Defendant's request is denied.  Defendant does not cite to any legal authority or present any legal argument in support of this request.  More

importantly, defendant's request is improperly asserted in a motion *in limine*.  In essence, defendant is asking this Court to rule, as a matter of law, that plaintiffs cannot recover the aforementioned damages.  "[I]t is inappropriate [. . .] to seek what is effectively partial summary judgment in the guise of a motion *in limine*."  *See Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 53 (2d Cir. 1998).

**D.      Motion to Preclude Plaintiffs' Experts from Testifying**

Defendant seeks to preclude plaintiffs' experts from testifying arguing that the experts lack foundation because their inspections were performed after Villar altered defendants' work. Defendant also claims that to allow their testimony would unfairly prejudice defendants because they were prevented from conducting their own inspection.  Plaintiffs argue that defendant's factual assertions are "unsubstantiated" and further, that alteration of defendant's work did not begin until "long after" the experts rendered their findings.

Defendant sets forth the same arguments made in the prior motion for summary judgment and request for spoliation sanctions.   In the prior Memorandum-Decision and Order, this Court engaged in a lengthy discussion regarding the factual disputes surrounding the modification of plaintiffs' home and the destruction of evidence.  The Court also discussed plaintiffs' expert reports and held that the appropriate sanction for "plaintiffs' actions regarding the preservation of critical evidence and the prejudice that defendants have suffered at the loss of the evidence", is an adverse inference charge.  Defendant's motion to preclude plaintiffs' expert witnesses from testifying is denied.

**E.      Motion Pursuant to General Obligations Law 15-108[1]**

---

[1] Plaintiffs have not opposed this portion of defendant's motion

Defendant argues that any jury award be reduced by any settlements entered into between plaintiffs and any other entities or individuals involved or their equitable share.  Defendant also seeks to add George Villar and Atelier Consulting to the apportionment of damages claiming, "it is anticipated that the proof will be others, including George Villar, and his company, were responsible for any purported damages".  Requests for apportionment of liability are premature at this juncture.   Accordingly, this portion of defendant's motion is denied with leave to renew at the proper point during or upon the completion of trial.

## II.       Plaintiffs' Motions *in Limine*

## A.       Motion to Preclude JMC's Expert - Conrad Hoffman

Plaintiffs move to preclude Conrad Hoffman from testifying at trial because his testimony is not sufficiently reliable.  Plaintiffs claim that Hoffman, "eyeball[ed] the home and certain documents and states his conclusions".

Under Rule 702, a witness may offer expert opinion testimony when he is "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. If qualified, the witness may draw on "scientific, technical, or other specialized knowledge" to assist in the understanding of the evidence or to determine a fact in issue. *Id*. However, such a witness may only offer expert opinion testimony if: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id.* "[T]he trial judge [has] the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrel Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). In performing its duty as a gatekeeper, "the district court should undertake a rigorous examination of the facts on which the expert relies, the method by which the expert draws an opinion from those facts, and how the

7

expert applies the facts and methods to the case at hand." *Amorigianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir.2002). Disputes as to the validity of the underlying data or methodology go to the weight of the evidence, and are for the factfinder to resolve at trial. *Harkabi v. SanDisk Corp.*, 2012 WL 826892, at *5 (S.D.N.Y. 2012) (citing *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995)).

As discussed in Part ID, there are factual issues for a jury to resolve with respect to the alteration of the home and the destruction of evidence. If the Court were to accept plaintiffs' argument regarding the reliability of Hoffman's opinions, that limitation could also result in plaintiffs' own experts being precluded. *See Great N. Ins. Co. v. Power Cooling, Inc.*, 2007 WL 4688411, at *11 (E.D.N.Y. 2011). Plaintiffs' motion to exclude Hoffman's testimony is denied.

Plaintiffs also claim that Hoffman offers legal conclusions that are not proper for expert testimony and seek to preclude his testimony based upon these conclusions. This Circuit excludes expert testimony that expresses a legal conclusion. *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992). However, the Court will not speculate, at this time, as to the substance of Hoffman's proposed testimony. Plaintiffs retain the right to object to the admission of testimony regarding legal conclusions at trial.

**B.     Motion to Preclude Evidence of Lisa Aktas' Income**

Plaintiffs seek to prevent defendants from raising Lisa Aktas' hourly billing rate or income on cross-examination at trial. Plaintiffs argue that the evidence is not relevant because all claims for anything other than direct costs of remediation were withdrawn. Defendants claim that the evidence is relevant as to the issue of credibility and moreover, argue that plaintiffs damages are "nebulous" and include Lisa Aktas' time spent at the site and traveling to and from the site.

8

Rule 403 provides that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The test is whether the prejudice substantially outweighs the probative value of the evidence.

At this juncture, the Court is unable to ascertain whether evidence regarding Lisa Aktas' income will become relevant during the course of this trial. If defendants adequately demonstrate that the proposed evidence is relevant to certain material issues in this trial, the court will consider whether the admission of this evidence will not be unduly prejudicial. At this juncture, plaintiffs' motion to exclude this evidence is denied, with leave to renew.

## C.      Motion to Admit Expert Reports

Plaintiffs briefly set forth a request to admit plaintiffs' expert reports to show: (1) that plaintiffs relied upon the reports; and (2) what information defendants had on February 16, 2010. Defendants object to the admission of plaintiffs' expert reports arguing that it would "bolster the expert's live testimony".[2]

"Under the Federal Rules, while experts may testify on the basis of non-admissible evidence, those portions of their reports that contain inadmissible information may not be admitted merely because they are contained in the expert's report." *Bynum v. Metropolitan Transp. Auth.*, 2006 WL 6555106, at \*9 (E.D.N.Y. 2006) (citing Fed. R. Evid. 701-702 (providing that "[f]acts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial

---

[2] The parties did not provide any caselaw in support of their positions.

effect.")).  Courts have held that where an expert is expected to testify at trial, his report is

inadmissible hearsay and redundant.  *See Granite Partners, L.P. v. Merrill Lynch, Pierce, Fenner*

*& Smith Inc*., 2002 WL 826956, at \*7 (S.D.N.Y. 2002); *see also Ake v. Gen. Motors Corp*., 942

F.Supp. 869 (W.D.N.Y. 1996).

At this time, outside of trial, the Court is unable to make the proper evidentiary ruling and

hindered in its ability to conduct the necessary balancing of probative value and prejudicial effect.

Thus, plaintiffs' motion is denied, with leave to renew.

## CONCLUSION

**It is hereby**

**ORDERED** that defendant's motion *in limine* (Dkt. No. 159) is denied; it is further

**ORDERED** that plaintiffs' motion *in limine* (Dkt. No. 166) is denied.

**IT IS SO ORDERED.**

Dated:  January 3, 2013
         Albany, New York

_____

Mae A. D'Agostino
U.S. District Judge