**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NECDET AKTAS and LISA FILOMIA-AKTAS,**

                    **Plaintiff,**

  vs.                                            1:09-CV-1436 (MAD)

**JMC CONSTRUCTION CO. INC., STEPHEN M. JUNG D/B/A JUNG ARCHITECTURE,**

                    **Defendants.**
_____

**JMC CONSTRUCTION CO. INC.,**

             **Third-Party Plaintiff,**
    - v -

**MICHAEL TERRY,**

            **Third-Party Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| COOPER, ERVING & SAVAGE LLP<br>39 North Pearl Street<br>Albany, New York 12207<br>*Attorneys for Plaintiffs* | Phillip G. Steck, Esq. |
| LaFAVE, WEIN & FRAMENT, PLLC<br>2400 Western Avenue<br>Guilderland, New York 12084-1534<br>*Attorneys for Defendant/Third-Party Plaintiff*<br>*JMC Development Co., Inc.* | Jason A. Frament, Esq. |
| Stephen M. Jung d/b/a Jung Architecture<br>P.O. Box 154<br>Schroon Lake, New York 12870<br>*Defendant Pro Se* | |
| HARRIS, CONWAY & DONOVAN, PLLC<br>The Patroon Building<br>Five Clinton Square<br>Albany, New York 12207 | Michael C. Conway, Esq. |

*Attorneys for Third-Party Defendant*
Michael Terry

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

Plaintiffs Necdet Aktas and Lisa Filomia-Aktas commenced the within action against defendants alleging various contractual and negligence claims arising out of work performed at their home on 223 Mill Creek Road in Adirondack, New York. Presently before the Court is plaintiffs' motion for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure and a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. (Dkt. No. 197). JMC Construction Co., Inc. ("JMC") opposes the motion. (Dkt. No. 198). In addition, Stephen M. Jung ("Jung") requests that the Court apply General Obligations Law 15-108 to the jury's verdict. (Dkt. No. 196). No party has responded to that application.

## BACKGROUND

Familiarity with the facts of this case is assumed based on this Court's previous Memorandum–Decision and Order. *See Aktas v. JMC Constr. Co., Inc, et. al.*, 09–CV–1346 Dkt. No. 125 (June 28, 2012). The trial in this action commenced on January 7, 2013 and was eight days in length. Numerous witnesses were called to testify and many documents were admitted into evidence. While plaintiffs move for judgment as a matter or law and a new trial, plaintiffs did not cite to any testimony, evidence or portion of the trial transcript in support of the application.

After trial, the jury found that plaintiffs had proven that defendant Jung breached an implied contract and awarded plaintiffs $3,500.00 in damages on that claim. On the negligence claims, the jury found that Jung and plaintiffs were negligent and apportioned fault as follows:

2

50% to plaintiffs and 50% to Jung. The jury awarded plaintiffs $50,000.00 on the negligence claims. The jury also found that defendant JMC had proven that plaintiffs breached their contract and awarded JMC $20,000.00 in damages on that counterclaim.

## DISCUSSION

### I. PLAINTIFFS' MOTIONS

### A. RULE 50(B) MOTION OF JUDGMENT AS A MATTER OF LAW

The standard governing a Rule 50 motion for judgment as a matter of law is well settled:

> Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor. In deciding such a motion, the court must give deference to all credibility determinations and reasonable inferences of the jury, and it may not itself weigh the credibility of witnesses or consider the weight of the evidence.

*Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir.1998) (internal citations omitted).

Consequently, a court should not enter judgment as a matter of law unless: (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it]. *Cruz v. Local Union No. 3*, 34 F.3d 1148, 1154 (2d Cir.1994) (quoting *Bauer v. Raymark Indus., Inc.*, 849 F.2d 790, 792 (2d Cir. 1988) (internal quotation marks omitted)).

On a post-trial motion for judgment as a matter of law, the moving party must fulfill the procedural prerequisite of moving for judgment as a matter of law before the case was submitted to jury. *See* Fed.R.Civ.P. 50(a)(2); *Slade v. Whiteco Corp.*, 811 F.Supp. 71, 73 (N.D.N.Y.1993).

A party may only make a post-judgment Rule 50(b) motion based on grounds specifically raised at the close of evidence. *Lambert v. Genesee Hosp.*, 10 F.3d 46, 53–54 (2d Cir.1993). If the movant does not meet the Rule 50 specificity requirement, the Court may not grant judgment as a matter of law unless the result is "required to prevent manifest injustice." *See Kuper v. Empire Blue Cross & Blue Shield*, 2003 WL 359462, at *4 (S.D.N.Y.2003) (citing *Russo v. State of New York*, 672 F.2d 1014, 1022 (2d Cir.1982)).

Plaintiffs' move for judgment as a matter of law seeking to hold JMC liable for Jung's actions under a "design-build" theory. In support of the motion, plaintiffs provide caselaw involving "design-build" contractual arrangements in construction contracts and rely upon the court's apportionment of liability in those scenarios as controlling in this case. Based upon the evidence produced at trial, those cases have no application herein. While plaintiffs recite caselaw, plaintiffs have failed to reference any portion of the trial transcript or evidence that supports the "design-build" theory. Indeed, this theory was not plead in the amended complaint nor was it included in plaintiffs' requests to charge the jury. Plaintiffs requested instructions regarding breach of implied contract and professional negligence as against Jung. (Dkt. No. 164). At no time during pretrial submissions or during trial did plaintiffs' articulate an argument relating to a "design build" contract and plaintiffs failed to move, at the close of the evidence, for judgment against JMC on this theory. In the absence of any evidence of a "design-build" contract, no reasonable juror could find JMC liable for Jung's conduct. The case has been tried and a verdict returned. Plaintiff is precluded from raising a new theory of liability. *See Brewster v. City of Poughkeepsie*, 447 F.Supp.2d 342, 352 -353 (S.D.N.Y. 2006) ("[t]he jury was never told to deliberate on that issue, or provided with the standard upon which it was to be decided").

4

Plaintiffs' motion for judgment as a matter of law as against JMC for Jung's acts is denied.

**B.     RULE 59 MOTION FOR A NEW TRIAL**

Plaintiffs move for a new trial on the issue of damages in the breach of contract claim against Jung.  Plaintiffs also argue that the court erred when it instructed the jury on the issue of plaintiffs' comparative negligence.

Under Rule 59(a), a new trial may be granted even if there is substantial evidence supporting the jury's verdict. In considering a motion for a new trial, the court is free to weigh the evidence independently and need not view it in the light most favorable to the verdict winner. *See Manley v. Ambase Corp*., 337 F.3d 237, 244–45 (2d Cir.2003). A new trial is warranted if, "the jury has reached a seriously erroneous result or ... the verdict is a miscarriage of justice." *Song v. Ives Labs., Inc*., 957 F.2d 1041, 1047 (2d Cir.1992) (internal quotation marks omitted). The standard for granting such a motion is high and rulings on motions under Rule 59(a) "are committed to the sound discretion of the district court." *Severino v. Am. Airlines*, 2009 WL 1810014, at *2 (S.D.N.Y.2009) (quoting, *inter alia, Sequa Corp. v. GBJ Corp*., 156 F.3d 136, 143 (2d Cir.1998)).  "The Second Circuit has instructed district courts to 'abstain from interfering with [a jury] verdict unless it is quite clear that the jury has reached a seriously erroneous result' that would result in 'a miscarriage of justice'".  *Fioto v. Manhattan Woods Golf Enter., LLC*., 304 F.Supp.2d 541, 545 -546 (S.D.N.Y. 2004) (citing *Bevevino v. Saydjari*, 574 F.2d 676, 684 (2d Cir. 1978)). Thus, a verdict on damages "can be set aside as clearly excessive or inadequate only when 'the verdict is so disproportionate to the injury and its consequences as to shock the conscience of the court.' " *Id.* (citation omitted).

**A.     Damages on Breach of Implied Contract**

5

According to the evidence at trial, plaintiffs paid $3,500.00 for Jung's services. The jury awarded plaintiffs $3,500.00 in damages against Jung on the breach of implied contract claim. Plaintiffs, very briefly, argue that the proper measure of damages on the breach of contract claim is "not a refund of what the Aktases paid JMC for the service of Jung but the cost of repairing the work not done properly by the architect". At the time of trial, plaintiffs raised no objections to the Court's instruction or explanation as to how damages would be totaled and do not present any argument or objections to the damages charge in the within motion. Plaintiffs simply claim that the jury "disregarded the Court's instructions on damages", however, plaintiffs have failed to identify the specific charge that was allegedly disregarded. Plaintiffs have failed to offer any evidence to show that the jury departed from the Court's instructions to "fairly and justly compensate the plaintiffs for any damages they actually sustained as a direct consequence of the defendants' conduct." Thus, the Court finds that plaintiffs have not sustained the burden of proving that a new trial is necessary on the issue of damages against defendant Jung.

**B.     Comparative Negligence**

"In New York it is well settled that the issue of comparative negligence is a question of fact proper for the jury's determination." *Bunt v. Altec Indus., Inc*., 962 F.Supp. 313, 319 (N.D.N.Y. 1997) (citations omitted). "Unless no rational support exists for this determination, Federal courts are reluctant to disturb the jury's conclusion because it is this determination of the percentage of fault that remains the function of the jury". *Id*. (citation omitted).

Here, plaintiffs argue that the jury instructions failed to include any specification of any duty which plaintiffs owed to defendants, "leaving the jury free to guess" on this issue. The jury charge on comparative negligence was as follows:

> If you find that the defendants were negligent and that the defendants' negligence contributed to causing plaintiffs' damages, you must next

> consider whether plaintiffs were also negligent and whether plaintiffs' conduct contributed to causing the damages.
>
> The burden is on the defendants to prove that plaintiffs were negligent and that their negligence contributed to causing the property damage. If you find that plaintiffs were not negligent, or if negligent, that their negligence did not contribute to causing the property damage, you must find that plaintiffs were not at fault and you must go on to consider damages, if any, submitted by plaintiffs.
>
> If, however, you find that plaintiffs were negligent and that their negligence contributed to causing the property damage, you must then apportion the fault between plaintiffs and defendants.
>
> Weighing all the facts and circumstances, you must consider the total fault, that is, the fault of both plaintiffs and defendants and determine what percentage of fault is chargeable to each. In your verdict, you will state the percentages you find. The total of those percentages must equal one hundred percent.
>
> If you find that both JMC and defendant Jung are at fault, you must decide what part of the total fault each bears.

"A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Turley v. ISG Lackawanna, Inc*. 2013 WL 150382, at *12 -13  (W.D.N.Y. 2013) (citing *Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir.1994)).  Here, plaintiffs have not presented any specific objection to the charge.

As a result of pre-trial motions, the Court advised all parties that it intended to issue an adverse instruction to the jury.  Plaintiffs were aware, well before the commencement of trial, that the jury would be charged accordingly.  The charge was as follows:

> You have heard the parties and some of the witnesses discuss plaintiffs' destruction or alteration of JMC's construction work.  If you find that plaintiffs destroyed JMC's construction work and that it relates in an important way to the question of liability, and that no reasonable explanation for such destruction or alteration has been offered, you may, although you are not required to, infer that, if produced, the work would have been against plaintiffs' interest. Moreover, you may also consider whether the destruction or alteration of this work casts doubt upon plaintiffs' position.

7

> If you find that the destruction or alteration of JMC's construction work was without a reasonable explanation, that does not, however, in and of itself, mean that defendants are entitled to win. You may give the fact that the work was destroyed or altered whatever weight you think proper under all of the circumstances. You may consider it decisive with respect to plaintiffs' claims; you may ignore it altogether; or you may give it some weight that you consider to be appropriate between those extremes.

Plaintiffs have not articulated any objection or argument to that instruction. During the trial, there was voluminous testimony from plaintiffs regarding the construction during JMC's involvement and after JMC was "locked off" of the job site. The jury verdict, finding plaintiffs 50% at fault, is not inconsistent with the weight of the evidence. Based upon the charges and the evidence, the jury could have reasonably inferred that the evidence that plaintiffs destroyed would have supported defendants' claims. The jury was entitled to make determinations with respect to the credibility of the witnesses and this Court is not afforded the discretion to "re-weigh the evidence on this matter as it involves an issue of credibility." *See Bright v. Tishman Const. Corp. of New York*, 1997 WL 419195, at *3 (S.D.N.Y. 1997) (the jury was entitled to find that the cause of the injury lay with the defendants and was not due to the plaintiff's own actions).

After reviewing the evidence submitted at trial, the Court cannot say that "the jury [ ] reached a seriously erroneous result or ... [that] the verdict [wa]s a miscarriage of justice." *See Tookes v. Port Auth. of New York and New Jersey*, 2011 WL 3555813, at *2 (E.D.N.Y. 2011). Accordingly, plaintiffs' motion for a new trial is denied.

## II. JUNG'S LETTER REQUEST

On February 14, 2013, Jung filed a letter request that is one sentence in length:

> It is my request that the Court please apply General Obligations Law 15.108 with respect to the Jury Verdict for this Case entered in the Northern District Clerk's Office on January 18, 2013.

(Dkt. No. 196).

New York General Obligations Law Section 15–108 provides that non-settling defendants are entitled to a monetary offset against the amount of a compensatory damages verdict:

> When a release or a covenant not to sue or not to enforce a judgment is given to one of two or more persons liable or claimed to be liable in tort for the same injury, or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms expressly so provide, but it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest.

N.Y. Gen. Oblig. Law § 15–108(a) (McKinney 2007); *see also Barkley v. United Homes, LLC*, 848 F.Supp.2d 248, 264 (E.D.N.Y. 2012).

"By its terms, Section 15–108 covers settlements with 'one of two or more persons liable or claimed to be liable in tort for the same injury'". *Barkley*, 848 F.Supp.2d at 264 (citing N.Y. Gen. Oblig. Law § 15–108(a)). Courts in New York have consistently held that, "[t]he section only applies where tortfeasors are 'liable in tort for the same injury.'" *Id.* (citing *inter alia, Ackerman v. Price Waterhouse*, 683 N.Y.S.2d 179, 196 (1998)). Moreover, courts have also held that Section 15–108 applies only to "tortfeasors in the traditional sense of the word." *Id.* (citing *Halpern v. Rosenbloom*, 459 F.Supp. 1346 (S.D.N.Y. 1978)). "In applying this statute for its intended purposes, courts seek to 'fairly compensate' plaintiffs without requiring non-settling tortfeasors to bear more than their fair share of the plaintiff's loss." *Nu-Chem Laboratories, Inc. v. Dynamic Laboratories, Inc*., 2001 WL 35981560, at *22 (E.D.N.Y. 2001) (citations omitted). A defendant carries the burden of establishing the equitable shares attributable to a settling tortfeasor when seeking to reduce its own responsibility for damages. *Hyosung Am., Inc. v. Sumagh Textile Co., Ltd.,* 25 F.Supp.2d 376, 387 (S.D.N.Y. 1998)

The application of the General Obligations Law to a jury verdict is not "automatic". Defendant did not present any legal or factual argument to support his request. Moreover, the General Obligations Law was not asserted as an affirmative defense in Jung's answer. (Dkt. No. 137). While the Court is mindful that Jung continues to appear *pro se*, and even excusing the fact that he failed to formally and properly move for the relief requested herein, the Court finds that a set-off, based upon plaintiffs' settlements with other defendants, is not warranted in this matter. The jury returned a verdict in favor of plaintiffs, against Jung, on the breach of implied contract cause of action and the negligence cause of action. There is no evidence that any other defendant was involved in the breach of implied contract theory. Moreover, the jury determined that the only other negligent party were plaintiffs themselves.

As such, defendant's application is denied.

## CONCLUSION

It is hereby

**ORDERED**, that plaintiffs' motion (Dkt. No. 197) is **DENIED**; it is further

**ORDERED**, that defendant Jung's motion to apply General Obligations Law § 15-108 (Dkt. No. 196) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 25, 2013
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge